OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



December 29, 1999

Mr. G. Granger MacDonald, President
Board of Directors
Upper Guadalupe River Authority
125 Lehmann Drive, Suite 100
Kerrville, Texas 78028-5908

Opinion No. JC-0162

Re: Whether the Upper Guadalupe River Authority is authorized to compel septic tank users to connect to a sewage disposal system, and related questions; reconsideration of Attorney General Opinion JM-961 (1988) (RQ-0110-JC)

Dear Mr. MacDonald:

You ask us to reconsider the conclusion of this office in Attorney General Opinion JM-961 that the Upper Guadalupe River Authority (the "River Authority") is not authorized to compel septic tank users to connect to a regional sewage disposal system. We conclude that the River Authority, unlike a municipality, is not authorized to compel septic tank users to connect to a sewage disposal system. However, the River Authority may operate a sewage disposal system serving city residents under contract with a municipality, provided that the municipality does not delegate any of its governmental powers. The municipality may require septic tank users within its jurisdiction to connect to the system. You also ask whether recently enacted Senate Bill 821, which adds section 412.016 to the Local Government Code, authorizes a county to compel septic tank users in unincorporated areas of the county to connect to a sewage disposal system. *See* Act of May 11, 1999, 76th Leg., R.S., ch. 191, § 1, sec. 412.016, 1999 Tex. Sess. Law Serv. 668; TEX. LOC. GOV'T CODE ANN. § 412.016 (Vernon Supp. 2000). We conclude that it does not give counties this authority.

The Upper Guadalupe River Authority is a conservation and reclamation district created by the legislature in 1939 by special law pursuant to article XVI, section 59 of the Texas Constitution.[1] In 1971, the legislature amended the River Authority's enabling statute to authorize it to construct, own and operate a sewage disposal system:

> (b) As a necessary aid to the conservation, control, preservation, and distribution of such water for beneficial use, the Authority shall have the power to construct, own and operate sewage gathering,

---

[1]*See* Act of Apr. 19, 1939, 46th Leg., R.S., ch. 5, 1939 Tex. Gen. Laws 1062, *as amended by* Act of Apr. 9, 1957, 55th Leg., R.S., ch. 83, 1957 Tex. Gen. Laws 185; Act of May 26, 1965, 59th Leg., R.S., ch. 632, 1965 Tex. Gen. Laws 1439; Act of Apr. 29, 1971, 62d Leg., R.S., ch. 430, 1971 Tex. Gen. Laws 1586; Act of May 30, 1983, 68th Leg., R.S., ch. 484, art. IV, §§ 5, 6, 1983 Tex. Gen. Laws 2827, 2843; Act of May 26, 1983, 68th Leg., R.S., ch. 1059, 1983 Tex. Gen. Laws 5612; Act of May 22, 1997, 75th Leg., R.S., ch. 830, 1997 Tex. Gen. Laws 2669.

transmission and disposal services, to charge for such service, and to make contracts in reference thereto with municipalities and others.

Act of Apr. 29, 1971, 62d Leg., R.S., ch. 430, § 1, sec. 16, 1971 Tex. Gen. Laws 1586.

In 1988, the River Authority asked this office whether it was authorized to compel septic tank users within its boundaries to connect to a sewage disposal system operated by the River Authority, either by itself or pursuant to an agreement with some other governmental entity permitted to contract with the River Authority for the operation of such a system. This office concluded in Attorney General Opinion JM-961 that the River Authority had no power, either express or implied, to compel septic tank users to connect to a regional sewage disposal system operated by it, either on its own behalf or pursuant to an agreement with some other governmental entity, including both home-rule and general-law cities. *See* Tex. Att'y Gen. Op. No. JM-961 (1988) at 1-2. The opinion reasoned that although the River Authority has express authority to own and operate a sewage disposal system, that authority does not include the implied authority to compel septic tank users to connect to the system because the authority to operate a sewage disposal system does not include the authority to regulate septic tanks. *See id.* at 2-3. The opinion also observed that section 214.013 of the Local Government Code expressly authorized home-rule cities to require property owners to connect to a city sewer system. *See id.* at 3. Finally, the opinion noted that septic tanks are recognized by state statutes as a lawful means to dispose of waste. *See id.* at 4-5.

You ask us to reconsider the conclusion in Attorney General Opinion JM-961 that the River Authority is not authorized to compel septic tank users to connect to a sewage disposal system. *See* Letter from Mr. G. Granger MacDonald, President, Board of Directors, Upper Guadalupe River Authority, to Honorable John Cornyn, Texas Attorney General, at 2-3 (Aug. 17, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We have reexamined the opinion and have determined that it correctly states the law, because the statutes of this state indicate that when the legislature intends to authorize a political subdivision to compel property owners within its jurisdiction to connect to a sewage disposal system, it provides this authority expressly.

The legislature has provided governmental entities with express authority to compel connections to sewage disposal systems in several statutes. Section 26.084 of the Water Code, for example, authorizes the Texas Natural Resource Conservation Commission to enter an order requiring a person to use a regional waste disposal system. *See* TEX. WATER CODE ANN. § 26.084(a)(1)-(3) (Vernon 1988). Before entering such an order, the Commission must affirmatively find, among other things, that a majority of the votes cast in any election under section 26.087 of the Water Code favored creation of the system. *See id.* § 26.084(b)(5).

In addition, as noted above, section 214.013 of the Local Government Code expressly authorizes cities to require property owners to connect to a city sewer system. *See* TEX. LOC. GOV'T CODE ANN. § 214.013(a)(2) (Vernon 1999). It also gives cities the tools to enforce this authority. A city may fix a lien against the property and impose penalties against owners who do not connect to the system. *See id.* § 214.013(b). In 1993, the legislature amended section 214.013 to extend these powers to all municipalities, not just home-rule municipalities. *See* Act of Apr. 15, 1993, 73d

Leg., R.S., ch. 51, § 1, 1993 Tex. Gen. Laws 114. Finally, section 17.934 of the Water Code, which was enacted in 1991,[2] provides that political subdivisions located in certain counties receiving financial assistance may "provide for a sanitary sewer system" and "require property owners to connect to the sewer system." TEX. WATER CODE ANN. § 17.934(a)(1), (2) (Vernon Supp. 2000). Both the enactment of section 17.934 in 1991 and the amendment to section 214.013 in 1993 post-date Attorney General Opinion JM-961, which was issued in 1988, reconfirming the opinion's suggestion that the authority of political subdivisions to compel sewer connections must be expressly provided.

The River Authority does not have the express authority to compel property owners to connect to a sewage disposal system, as we believe it must. Accordingly, we affirm the conclusion of Attorney General Opinion JM-961 that the River Authority is not authorized to compel septic tank users to connect to a sewage disposal system.

You also ask us to revisit the conclusion of Attorney General Opinion JM-961 that a city is not authorized to delegate its authority to compel connections to a sewer system to the River Authority. See Request Letter at 3. The opinion states that a city may not surrender its power to compel sewer connections, a governmental function, to the River Authority as a condition of a contract for the operation of a sewage disposal system. See Tex. Att'y Gen. Op. No. JM-961 (1988) at 6. You state that the River Authority does not seek delegation of such authority: "Instead, pursuant to an 'Interlocal' contract between the two governmental bodies, [the River Authority] would have the authorized entity compel connection to the system owned and operated by [the River Authority]." Request Letter at 3. The course suggested by your letter is completely consistent with the opinion, which indicates that cities have the authority to compel property owners within their jurisdiction to connect to a system operated by the River Authority, see Tex. Att'y Gen. Op. No. JM-961 (1988) at 6 ("cities which have the power to force property owners to connect to [the cities'] sewage systems may force [the property owners] to connect with the sewage system operated by the authority"), provided that the interlocal contract does not interfere with the city's discretion with respect to the exercise of its authority, see id.

Finally, you ask whether the River Authority may "contract with Kerr County, as authorized by Senate Bill 821, whereby the County would compel connection to the system to achieve the desired goal of protecting water quality in the unincorporated areas of Kerr County." Request Letter at 3. You ask, in essence, whether recently enacted Senate Bill 821 authorizes counties to compel connections to sewage disposal systems. We conclude that it does not.

Senate Bill 821 adds section 412.016 to the Local Government Code. See Act of May 11, 1999, 76th Leg., R.S., ch. 191, § 1, sec. 412.016, 1999 Tex. Sess. Law Serv. 668. Section 412.016 authorizes a county to "acquire, own, operate, or contract for the operation of, a water or sewer utility system to serve an unincorporated area of the county in the same manner and under the same regulations as a municipality under Chapter 402." TEX. LOC. GOV'T CODE ANN. § 412.016(a) (Vernon Supp. 2000). Section 412.016 does not expressly authorize a county to compel connections

---

[2]See Act of May 22, 1991, 72d Leg., R.S., ch. 422, § 1, 1991 Tex. Gen. Laws 1584.

to a county sewer utility system. It refers to chapter 402 of the Local Government Code, which authorizes cities to operate sewer utilities. However, the authority of a city to compel a property owner to connect to a city sewer system derives from section 214.013 of the Local Government Code rather than chapter 402. Because the power of a political subdivision to compel connections to a sewage disposal system must be expressly provided, *see* discussion *supra* pp. 2-3, we conclude that Senate Bill 821 does not authorize counties to compel septic tank users to connect to a county sewage disposal system. Therefore, Kerr County is not authorized by Senate Bill 821 to compel septic tank users to connect to a sewage disposal system operated by the River Authority for the county pursuant to a contract.

## S U M M A R Y

The Upper Guadalupe River Authority is not authorized to compel septic tank users to connect to a sewage disposal system. The River Authority may operate a system serving city residents under contract with a municipality, provided that the municipality does not delegate any of its governmental powers. The municipality may require septic tank users within its jurisdiction to connect to the system. Attorney General Opinion JM-961 (1988) is affirmed.

Recently enacted Senate Bill 821, which adds section 412.016 to the Local Government Code, does not authorize a county to compel septic tank users in unincorporated areas of the county to connect to a sewage disposal system. *See* Act of May 11, 1999, 76th Leg., R.S., ch. 191, § 1, sec. 412.016, 1999 Tex. Sess. Law Serv. 668; TEX. LOC. GOV'T CODE ANN. § 412.016 (Vernon Supp. 2000).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee